NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY JAY BREDBERG, DBA B&A, Inc.,

Plaintiff-Appellant,

v.

RANDY MIDDAUGH; et al.,

Defendants-Appellees.

No.    21-35156

D.C. No. 2:20-cv-00190-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted July 8, 2022[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Anthony Bredberg appeals from the district court's final judgment entering

summary judgment in favor of defendants Ryan Ericson, Matthew Mahaffie, and

Erin Page and dismissing Bredberg's claims against defendants Sean Curran, Randy

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Middaugh, Emily Swaim, Paul Anderson, Alex Callender, Doug Gresham, Diane Hennessey, Kirk Prindle, and Niki Yonkow. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo dismissals pursuant to Federal Rules of Procedure 12(b)(6), 12(c) and 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), we must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). To survive such a motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.*, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. *Living Designs*, 431 F.3d at 360.

We also review a district court's summary judgment de novo. *Id.* In reviewing a summary judgment, "[w]e must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant

2

substantive law." *Id.* at 360–61.

To plead his claims sufficiently under the Racketeer Influenced and Corrupt Organizations (RICO) Act, Bredberg must plead the existence of an "enterprise." *See* 18 U.S.C. § 1962(b)–(d). Under the RICO Act, an enterprise may be a legal entity or an association-in-fact. *See* 18 U.S.C. § 1961(4); *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007). To allege an association-in-fact, the complaint must describe "a group of persons associated together for a common purpose of engaging in a course of conduct" and must provide both "evidence of an ongoing organization, formal or informal" and "evidence that the various associates function as a continuing unit." *Id.* at 549, *quoting United States v. Turkette*, 452 U.S. 576, 583 (1981). Importantly, "[t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *Id.*, *quoting Turkette*, 452 U.S. at 583.

The district court properly dismissed Bredberg's claims against defendants Curran, Middaugh, Swaim, Anderson, Callender, Gresham, Hennessey, Prindle, and Yonkow because Bredberg failed to allege the existence of an "enterprise." Here, Bredberg does not allege a legal entity and fails to allege sufficiently the existence of an association-in-fact. Bredberg does not allege sufficiently that the defendants were "associated together for a common purpose," "evidence of an ongoing organization," or that defendants "function as a continuing unit." *Id.* Rather, the

3

defendants hold various wetland science professional positions from a variety of organizations that are largely unrelated to each other. The alleged racketeering activity is the only apparent connection among the defendants, which is not sufficient to establish the existence of an enterprise.

The district court also properly granted summary judgment in favor of defendants Ericson, Mahaffie, and Page because Bredberg failed to oppose those defendants' declarations stating that they did not form an enterprise or even interact with many of the other defendants. Bredberg failed to provide any other evidence sufficient to establish the existence of an enterprise. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (holding that if a plaintiff "fails to make a sufficient showing to support an element of her claims, summary judgment is appropriate"), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**AFFIRMED.**